# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TELLY ROYSTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-1150 |
| | ) | Judge Ambrose |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Telly Royster ("Plaintiff") is a state prisoner who currently is incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"). Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States by a host of Defendants. Second. Am. Compl. (Doc. 82) ¶¶ 18-27. Plaintiff also raises claims for relief pursuant to various state tort laws. Id. ¶¶ 20, 23. Plaintiff's initial complaint was received by the United States District Court for the Middle District of Pennsylvania on April 8, 2008. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on May 13, 2008 (Doc. 10). This case was transferred to this Western District of Pennsylvania on August 19, 2009 (Doc. 27). This case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings, in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrates.

Plaintiff's second amended complaint was filed on August 12, 2010 (Doc. 82). Defendants filed a partial motion to dismiss (Doc. 83), along with a brief in support thereof (Doc. 84) and a partial answer (Doc. 85) on August 20, 2010. Plaintiff responded to this motion

on October 7, 2010 (Docs. 91-92). On February 28, 2011, the magistrate judge issued a report and recommendation recommending that the partial motion to dismiss be granted with prejudice in part, granted without prejudice in part, and denied in part. (Doc. 100). Plaintiff filed objections to the report on March 18, 2011. (Doc. 104). Plaintiff's objections to the report – which are essentially a motion for appointment of counsel – provide no substantial argument why this Court should deviate from the magistrate judge's recommendations.

The docket indicates that this motion was filed on behalf of all Defendants, including Defendant Myers (Doc. 83). Indeed, the docket also indicates that Robert A. Willig, Esquire – the attorney who electronically signed the motion – had entered his appearance on behalf of Defendant Myers. Mr. Willig, in his motion to withdraw, indicates that this was "in error." (Doc. 103) ¶ 2. Recently, Kathryn M. Kenyon, Esquire, has entered her appearance on behalf of Defendant Myers. (Doc. 101). Ms. Kenyon, quite correctly, directs the attention of this Court to the fact that there is ambiguity on the docket as to whether Defendant Myers was ever served the second amended complaint. In light of this development, this Court notes that any conclusion made by the magistrate judge with respect to the claims against Defendant Myers – to the extent that any conclusions were made at all – must be ignored for the purposes of this order.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation (Doc. 100), and Plaintiff's objections thereto (Doc. 104) following ORDER is entered:

AND NOW, this 21st day of March, 2011,

IT IS HEREBY ORDERED that Defendants' partial motion to dismiss (Doc. 83) is GRANTED WITH PREJUDICE in part, GRANTED WITHOUT PREJUDICE in part, and DENIED in part.

IT IS FURTHER ORDERED that the claims in Plaintiff's second amended complaint (Doc. 82) shall be disposed of in the following manner:

1. Plaintiff's Eighth Amendment claims with respect to his confinement to a hard cell and a self-contained cell are dismissed without prejudice;

2. Plaintiff's Eighth Amendment claims with respect to the use of a spit hood and his mere placement on a food loaf diet are dismissed with prejudice;

3. Plaintiff's Fourteenth Amendment claims with respect to his confinement to a hard cell and a self-contained cell, as well as those relating to the mere imposition of a food loaf diet, are dismissed with prejudice;

4. All claims against Defendant Beard are dismissed with prejudice;

5. All of Plaintiff's state tort claims, with the exception of Plaintiff's medical malpractice claim against Defendant Myers, are dismissed with prejudice; and

6. All claims against Defendants in their official capacities are dismissed with prejudice.

IT IS FURTHER ORDERED that Plaintiff shall, if appropriate, file an amended complaint within twenty-one days of the date of this order.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Doc. 100), as it is supplemented by this order, is adopted as the opinion of this Court on this matter.

s/Donetta W. Ambrose
DONETTA W. AMBROSE
SENIOR UNITED STATES DISTRICT JUDGE

cc:
TELLY ROYSTER
EL2245
SCI Camp Hill
PO Box 200
Camp Hill, PA 17001